IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELIJAH MOORER, :
Petitioner :
: No. 1:21-cv-01825
v. :
: (Judge Kane)
PENNSYLVANIA ATTORNEY :
GENERAL'S OFFICE, et al., :
Respondents :

**MEMORANDUM**

Pro se petitioner Elijah Moorer ("Petitioner), who is currently incarcerated at State Correctional Institution Forest ("SCI Forest") in Marienville, Pennsylvania has petitioned the Court for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254 ("Section 2254"). (Doc. No. 1.) In his petition, he challenges his underlying state court criminal convictions and sentence, which were imposed by the Centre County Court of Common Pleas in March of 2014. (Id.) Respondents have filed a motion to dismiss the petition, along with a brief and supplemental brief in support thereof, arguing that the petition was untimely filed. (Doc. Nos. 10, 11, 15.) For the reasons set forth below, the Court agrees and, thus, will grant Respondents' motion to dismiss the petition and will direct the Clerk of Court to close this case.

## I. BACKGROUND

On October 18, 2021,[1] Petitioner commenced the above-captioned action by filing his Section 2254 petition and paying the requisite filing fee. (Doc. No. 1.) On October 27, 2021, the

[1] Although the Court did not receive the petition until October 26, 2021, the petition is dated October 18, 2021 (Doc. No. 1 at 19), and thus, is deemed filed as of that date. See Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (noting that "[t]he federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing (citing Burns v. Morton, 134 F.3d 109, 113 (3d Cir.1998)).

Court issued an Administrative Order in accordance with Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), instructing Petitioner that he could (1) have the petition ruled on as filed—that is, as a Section 2254 petition for a writ of habeas corpus or (2) withdraw his petition and file one all-inclusive Section 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. No. 3.) The Court included a Notice of Election form in its Administrative Order and directed Petitioner to elect how he would be proceeding in this action within forty-five (45) days. (Id. at 4.)

On November 4, 2021, Petitioner filed his Notice of Election form, electing to have the Court rule on his petition as filed. (Doc. No. 4 at 1.) That same day, the Court directed the Clerk of Court to serve the petition upon Respondents Superintendent at SCI Forest, the Attorney General of Pennsylvania, and the District Attorney of Centre County, and ordered Respondents to file an answer, motion or other response to the petition. (Doc. No. 5.) On November 30, 2021, the Court directed the Clerk of Court to again serve the petition (Doc. No. 6), and on December 14, 2021, counsel entered his appearance on behalf of Respondents (Doc. No. 7).

Following an extension of time (Doc. Nos. 8, 9), Respondents filed a motion to dismiss the petition, along with a brief in support, arguing that the petition was untimely filed (Doc. Nos. 10, 11). On April 7, 2022, Petitioner filed a traverse. (Doc. No. 12.) Then, on May 4, 2022, the Court—upon review of this case and observing that Petitioner had filed multiple petitions under the Post-Conviction Relief Act ("PCRA") in state court, but that the record did not contain all of the documentation related to Petitioner's PCRA filings—ordered Respondents to expand the record by filing the petitions, motions, orders, and opinions related to Petitioner's PCRA proceedings in the Court of Common Pleas of Centre County, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court. (Doc. No. 13.) The Court also directed Respondents to

file a supplemental brief in support of their motion to dismiss. (Id.) On June 3, 2022, Respondents filed their supplemental brief (Doc. No. 15) and, following an extension of time (Doc. Nos. 16, 17), they also filed the state court documents previously ordered by the Court (Doc. Nos. 18, 19, 20, 21, 22). On April 7, 2022 Petitioner filed a response and "[r]ebuttal" to Respondents' motion to dismiss. (Doc. No. 12.)

In addition to the various filings above, Petitioner has also filed the following documents: a motion seeking discovery (Doc. No. 14);[2] a second traverse (Doc. No. 23); a list of exhibits and exhibits (Doc. No. 24); another list of exhibits (Doc. No. 26) and exhibits (Doc. Nos. 26-1 through 26-6); and a memorandum of law (Doc. No. 25). As reflected by the docket, however, Respondents have not filed a response to these various filings, and the time period for doing so has expired. Thus, the parties' pending motions (Doc. Nos. 10, 14) are ripe for the Court's disposition. For the reasons set forth below, the Court will grant Respondents' motion to dismiss the petition (Doc. No. 10) and will deny as moot Petitioner's motion seeking discovery (Doc. No. 14).

[2] Petitioner's motion seeking discovery requests that this Court order the Clerk of Court of Centre County, Pennsylvania to produce: the search warrant orders granting, sealing, and unsealing the search warrant docket; the 33rd statewide investigating grand jury presentment filed and signed by the foreman; orders convening and disbanding the 33rd grand jury between 2010 and 2012; "[a]ny and all" orders pursuant to 71 P.S. §§ 732-205, 732-206; and the entries of appearance filed by his trial counsel. (Doc. No. 14 at 1.) Because the Court will dismiss the instant Section 2254 petition as untimely, Petitioner's motion seeking discovery will be denied as moot.

## II. LEGAL STANDARD

Petitions for writs of habeas corpus filed pursuant to Section 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

This limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. See 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)"). (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). This limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by the habeas petitioner. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (regarding equitable tolling); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (regarding actual innocence).

## III. DISCUSSION

As stated above, Petitioner has petitioned the Court pursuant to the provisions of Section 2254, challenging his state court convictions and sentence that were imposed by the Court of Common Pleas of Centre County, Pennsylvania. (Doc. No. 1.) Respondents have filed a motion to dismiss the petition, along with a brief and supplemental brief in support thereof, arguing that the petition was untimely filed and that no exceptions to the applicable statute of limitations apply to the petition. (Doc. Nos. 10, 11, 15.) The Court agrees.

In his petition, Petitioner cites to the docket number of his criminal case, stemming from the Court of Common Pleas of Centre County, Pennsylvania, i.e., CP-14-CR-0000532-2013. (Id. at 1 ¶ 1(b).) The Court takes judicial notice of the state court's docket sheet in this case, which is available through the Unified Judicial System of Pennsylvania Web Portal at https://ujsportal.pacourts.us/CaseSearch. See Commonwealth v. Moorer, No. CP-14-CR-0000532-2013 (Centre Cnty. Ct. Com. Pl., filed March 21, 2013).

The docket sheet reflects that, on December 9, 2013, Petitioner pleaded guilty to numerous counts involving the delivery of controlled substances, possession of firearms, and related offenses. See id. He was sentenced on March 13, 2014, to a sentence of thirty-six (36) to seventy-two (72) years of incarceration "in accordance with the applicable mandatory minimum sentences in effect at the time and the standard range sentencing guidelines." (Doc. No. 1-1 at 2); Commonwealth v. Moorer, No. CP-14-CR-0000532-2013 (Centre Cnty. Ct. Com. Pl., filed March 21, 2013). On March 31, 2015, he was resentenced. See Commonwealth v. Moorer, No. CP-21-CR-0000532-2016 (Centre Cnty. Ct. Com. Pl., filed March 21, 2013); (Doc. No. 1-1 at 2 (explaining that the trial court "imposed the same term without relying on any mandatory minimums, thereby bringing [his] sentence into compliance with Alleyne v. United States, 133

S.Ct. 2151 (2013)")). And, on February 10, 2016, the Pennsylvania Superior Court affirmed the judgement of sentence. See Commonwealth v. Moorer, 242 A.3d 432 (Pa. Super. 2020) (citing Commonwealth v. Moorer, 141 A.3d 591 (Pa. Super. 2016)).

Under Pennsylvania law, a defendant who has been convicted and sentenced of a crime, such as Petitioner, has thirty (30) days in which to file a direct appeal, starting from the latter of (a) the date of sentencing, see Pa. R. Crim. P. 720(A)(3)), or (b) the date of an order deciding a timely post-sentence motion or acknowledging the defendant's withdrawal of such a timely post-sentence motion, see Pa. R. Crim. P. 720(A)(2). The defendant's judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." See 42 Pa. C.S.A. § 9545(b)(3).

Here, the record reflects that the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence on February 10, 2016. Because Petitioner did not seek review from the Pennsylvania Supreme Court, his judgment became final on March 11, 2016, when the thirty (30)-day deadline for seeking such review expired. Consequently, the one-year limitations period set forth in Section 2244(d)(1) commenced running the following day, on March 12, 2016, and Petitioner had one year, or until March 12, 2017, to file his Section 2254 petition in this Court. As reflected by the docket, however, Petitioner did not file his Section 2254 petition until October 18, 2021, well over four (4) years after the one-year statute of limitations had already expired. Consequently, the Court finds that his petition is untimely.

However, the Court's analysis does not end there. The Court must next determine whether Petitioner is entitled to any statutory or equitable tolling, or relief under the actual

innocence exception. For the reasons discussed below, the Court finds that Petitioner is not entitled to such tolling or any relief under the actual innocence exception.

**A. Statutory Tolling**

With respect to statutory tolling, the Court observes that, under Section 2244(d)(2), the one-year limitations period is tolled with respect to "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending[.]" See 28 U.S.C. § 2244(d)(2). Here, Petitioner—as appropriately stated by the Pennsylvania Superior Court—filed "innumerable pro se petitions and amended petitions" in state court, seeking PCRA relief from his judgment of sentence. See Moorer, 242 A.3d 432. Thus, the critical inquiry before this Court is whether any of those petitions tolled the one-year limitations period.

Petitioner timely filed a PCRA petition on February 29, 2016, eleven (11) days before his judgment became final on March 11, 2016. (Doc. No. 22-26.) The trial court appointed counsel to represent Petitioner during the PCRA proceedings and, on July 27, 2016, PCRA counsel filed an amended petition on Petitioner's behalf. (Doc. No. 22-29.) On September 21, 2017, the trial court denied Petitioner relief on his petition (Doc. No. 22-36) and, on September 18, 2018, the Pennsylvania Superior Court affirmed the trial court's decision (Doc. No. 18-3). Petitioner does not allege that he filed a petition for allowance of appeal to the Pennsylvania Supreme Court, and Petitioner's criminal docket sheet does not reflect otherwise. See Commonwealth v. Moorer, No. CP-14-CR-0000532-2013 (Centre Cnty. Ct. Com. Pl., filed March 21, 2013).

As set forth above, the one-year statute of limitations period set forth in Section 2244(d)(1) commenced running on March 12, 2016. Thus, when Petitioner timely filed his PCRA petition on February 29, 2016, the one-year limitations period was immediately tolled on March 12, 2016, and remained tolled until October 18, 2018, the last day for filing a petition for

allowance of appeal to the Pennsylvania Supreme Court (i.e., counting thirty (30) days from September 18, 2018, when the Pennsylvania Superior Court affirmed the trial court's dismissal of Petitioner's February 29, 2016 PCRA petition). See PA. R.A.P. 1113(a) (providing that a petition for allowance of appeal to the Pennsylvania Supreme Court shall be filed within thirty (30) days after the entry of the Pennsylvania Superior Court's order). Thus, the one-year limitations period initially began to run on the following day, October 19, 2018.

On November 5, 2018, Petitioner filed a PCRA petition (Doc. No. 18-19), followed by other numerous documents, some of which purported to be supplemental petitions and addendums to the November 5, 2018 petition (Doc Nos. 18-23; 18-24; 18-25; 19-9; 19-10; 19-11; 19-12; 19-14; 19-15; 19-21; 19-22; 19-26; 19-27; 19-28; 19-30; 19-31; 19-33; 19-34; 19-35; 19-37; 19-38; 19-39; 19-41). On June 4, 2019, however, the trial court determined that the November 5, 2018 petition was untimely filed. (Doc. No. 19-44.) In its opinion, the trial court explained that, under the PCRA, a petition must be filed within one year from the date on which the judgment becomes final. (Id. at 1 (citing 42 Pa. C.S.A. § 9545(b)(1)); id. at 2 (stating that Petitioner's sentence became final on March 11, 2016, and thus, his PCRA petition, which was filed on November 5, 2018, was facially untimely).) The trial court also recognized, however, that there are exceptions to the PCRA's timeliness requirements. (Id. at 1 (citing 42 Pa. C.S.A. § 9545(b)(1)(i)-(iii)).) Ultimately, the trial court found that Petitioner was not entitled to any relief under the specific exception he pled. (Id. at 2-7 (considering and rejecting Petitioner's various arguments concerning newly discovered evidence).)

Based upon these findings, the trial court issued a Notice of its intent to dismiss the November 5, 2018 petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907(1) ("Rule 907(1)"). (Id. at 8.) In that Notice, the trial court directed Petitioner to

file a response within twenty (20) days or his PCRA petition would be dismissed without a hearing. (Id.; Doc. No. 21-3 at 1.) Petitioner subsequently filed a response and a supplemental PCRA petition, which repeated the same arguments that were set forth in his November 5, 2018 petition. (Id.) Thus, on September 26, 2019, the trial court concluded that Petitioner's PCRA claims were untimely for all of the reasons stated in its June 4, 2019 opinion. (Id. at 1-6.) As a result, the trial court dismissed the November 5, 2018 petition, and associated supplemental petition, without a hearing pursuant to Rule 907(1). (Id. at 6.)

Because the trial court dismissed Petitioner's November 5, 2018 PCRA petition as untimely,[3] this petition did not toll the statute of limitations. As explained by the United States Supreme Court, an untimely PCRA petition is not considered "properly filed" and, thus, does not toll the one-year statute of limitations period. See Pace, 544 U.S. at 417 (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under [Section] 2244(d)(2)"); Merritt v. Blaine, 326 F.3d 157, 167-68 (3d Cir. 2003) (holding that the petitioner's PCRA petition was not "properly filed" for purposes of AEDPA because the Pennsylvania Superior Court had rejected the petitioner's contention that the petition was timely filed).

Thus, because Petitioner's November 5, 2018 PCRA petition did not result in any statutory tolling, the one-year limitations period began to run on October 19, 2018 (i.e., when the time period for filing a petition for allowance of appeal to the Pennsylvania Supreme Court expired with respect to his February 29, 2016 PCRA petition), and continued to run until July 29,

[3] There is no indication that Petitioner appealed this decision to the Pennsylvania Superior Court or the Pennsylvania Supreme Court.

2019, when Petitioner filed his next PCRA petition. Between October 19, 2018, and July 29, 2019, two hundred and eighty-four (284) days of the one-year limitations period elapsed.

However, Petitioner not only filed a PCRA petition on July 29, 2019 (Doc. No. 20-5), but he also filed other PCRA petitions on that same date (Doc. Nos. 20-6 through 20-8), as well as other PCRA petitions on August 22, 2019 (Doc. No. 20-11; Doc. No. 20-12), on September 25, 2019 (Doc. No. 20-15; Doc. No. 21-1), and a document for Submission of Evidence Pursuant to Rule of Evidence 902(2) on September 25, 2019 (Doc. No. 21-2; Doc. No. 21-11 at 1), all of which were construed by the trial court as PCRA petitions. (Doc. No. 21-11; Doc. No. 21-12; Doc. No. 21-13.)

In response to these various PCRA petitions, the trial court issued several orders on October 14, 2019, denying Petitioner's requests for relief. (Doc. No. 21-11 at 1; Doc. No. 21-12; Doc. No. 21-13.) Notably, however, none of these decisions denied any of these petitions on the basis that they were untimely filed. (Id.) Petitioner subsequently appealed the trial court's October 14, 2019 decisions, and, on November 19, 2020, the Pennsylvania Superior Court issued the same decision with respect to all three (3) appeals. (Doc. Nos. 18-4 through 18-6.) More specifically, the Superior Court dismissed the appeals based upon Plaintiff's failure to comply with Pennsylvania Rules of Appellate Procedure. (Id. (explaining, among other things, that Petitioner had filed a brief that was approximately two-hundred and forty (240) pages long, had failed to attach the relevant trial court opinions to his brief, and had listed one-hundred and thirty-one (131) separate legal issues).) Petitioner does not allege that he filed a petition for allowance of appeal to the Pennsylvania Supreme Court, and the record does not reflect otherwise.

Shortly before the Pennsylvania Superior Court dismissed Petitioner's appeals, Petitioner filed another PCRA petition on November 1, 2019. (Doc. No. 21-25; Doc. No. 22-4.) On March 30, 2021, however, the trial court dismissed this PCRA petition as untimely based upon all of the reasons stated in its prior decision issued on June 4, 2019. (Id.) Thus, because the PCRA court dismissed this PCRA petition as untimely,[4] this petition did not toll the one-year statute of limitations. See Pace, 544 U.S. at 417; Merritt, 326 F.3d at 167-68.

As such, the one-year statute of limitations began to run again on December 20, 2020, when the time period for filing a petition for allowance of appeal to the Pennsylvania Supreme Court had expired with respect to Petitioner's PCRA petitions that were filed on July 29, 2019, August 22, 2019, and September 25, 2019—i.e., counting thirty-one (31) days from November 19, 2020, when the Pennsylvania Superior Court affirmed the trial court's dismissals of those petitions. See PA. R.A.P. 1113(a) (providing that a petition for allowance of appeal to the Pennsylvania Supreme Court shall be filed within thirty (30) days after the entry of the Pennsylvania Superior Court's order). The limitations period continued to run for an additional eighty-one (81) days, or until March 10, 2021, when it fully expired.[5]

After he filed his November 1, 2019 PCRA petition, Petitioner subsequently filed other documents with the trial court on the following dates: March 23, 2020 (Doc. No. 21-34); March 30, 2020 (Doc. No. 21-35); April 16, 2020 (Doc. No. 21-36); December 28, 2020 (Doc. No. 22-1); and March 12, 2021 (Doc. No. 22-2). The trial court construed all of these documents as PCRA petitions, determined that they were untimely filed, and found that Petitioner had not

---

[4] Petitioner does not allege, and there is no indication in the record, that Petitioner appealed this decision to the Pennsylvania Superior Court or the Pennsylvania Supreme Court.

[5] As stated above, two-hundred and eighty-four (284) days elapsed between October 19, 2018, and July 29, 2019. Thus, only eighty-one (81) days of the one-year limitations period remained.

satisfied any of the exceptions to the PCRA's timeliness requirement.[6] (Doc. No. 22-17; Doc. No. 22-18.) As such, none of these petitions resulted in statutory tolling, as set forth in Section 2244(d)(2). See Pace, 544 U.S. at 417; Merritt, 326 F.3d at 167-68.

Accordingly, when the one-year limitations period began to run again on December 20, 2020, it continued to run for the eighty-one (81) days discussed above, or until March 10, 2021, when it fully expired. Although Petitioner subsequently filed additional PCRA petitions after that date, none of those petitions tolled the one-year limitations period set forth in Section 2244(d)(1) because there was, quite simply, no time left to toll.[7]

Accordingly, for all of these reasons, the Court concludes that statutory tolling does not overcome the untimeliness of Petitioner's Section 2254 petition. See 28 U.S.C. § 2244(d)(2) (providing that "[t]he time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection") (emphasis added). Thus, the Court turns to the question of whether the one-year limitations period is subject to equitable tolling or whether Petitioner is entitled to relief under the actual innocence exception.

**B. Equitable Tolling**

"Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'" Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Merritt, 326 F.3d at 168). For that reason, "[a] petitioner seeking equitable

---

[6] Petitioner does not allege, and there is no indication in the record, that Petitioner appealed this decision to the Pennsylvania Superior Court or the Pennsylvania Supreme Court.

[7] Specifically, Petitioner filed PCRA petitions on the following dates: April 7, 2021 (Doc. No. 22-11); May 14, 2021 (Doc. No. 22-12); June 7, 2021 (Doc. No. 22-15); June 28, 2021 (Doc. No. 22-21); and July 13, 2021 (Doc. No. 22-23).

tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'" See id. (quoting Pace, 544 U.S. at 418). Equitable tolling may be appropriate if: (1) the petitioner has been "actively misled[;]" (2) the petitioner "has in some extraordinary way been prevented from asserting his rights;" or (3) the petitioner "has timely asserted his rights mistakenly in the wrong forum." See id. (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)).

The Court, having carefully reviewed this matter, finds that Petitioner has not met his burden to demonstrate that equitable tolling is warranted here. More specifically, Petitioner has neither alleged nor shown any factual basis upon which the Court could conclude that he diligently pursued his rights and that some extraordinary circumstance stood in his way, thus preventing him from timely filing the instant petition in this Court. Moreover, it has long been recognized that "[m]ere excusable neglect is not sufficient" to rise to the level of an extraordinary circumstance. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 n.16 (3d Cir. 2013) (noting that claims of "excusable neglect . . . such as attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling (citation and internal citation and quotation marks omitted)).[8] Thus, the Court turns to

[8] At most, Petitioner has argued that his "procedural[ly] default[ed]" claims should be "excused" and considered on the merits. (Doc. No. 1 at 17 (raising this argument in the "TIMELINESS OF PETITION" section of his Section 2254 petition).) Under the doctrine of procedural default, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." See Martinez v. Ryan, 566 U.S. 1, 9 (2012). Although there are exceptions to this procedural bar, as recognized by Petitioner in his Section 2254 petition (Doc. No. 1 at 17), procedural default is a separate and distinct concept from the one that is presently before the Court—i.e., whether Petitioner timely filed his Section 2254 petition in federal court.

whether the actual innocence exception allows Petitioner to overcome the time-bar to his Section 2254 petition.

**C. Actual Innocence**

The Court begins with the basic legal tenet that the actual innocence exception "applies to a severely defined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" See McQuiggin, 569 U.S. at 394-95 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Thus, relief under this exception is exceedingly rare, see id. at 386, and the standard for establishing actual innocence is an exacting one. See id. at 401. The standard demands "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." See Schlup, 513 U.S. at 324. Accordingly, a habeas corpus petitioner, such as Petitioner, has not met this standard "'unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See McQuiggin, 569 U.S. at 386 (quoting Schulp, 513 U.S. at 329).

"Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schulp, 513 U.S. at 324; Sistrunk v. Rozum, 674 F.3d 181, 192 (3d Cir. 2012) (explaining that "Schlup sets a supremely high bar"). Thus, "[p]roving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." See id. at 191 (citations omitted). All three of these factors are necessary for a habeas corpus petitioner to be entitled to relief under the actual innocence exception. See id. And if ultimately proven, this exception "serves as a gateway through which

a petitioner may pass" even though the statute of limitations has expired. See McQuiggen, 569 U.S. at 386.

Accordingly, in order for Petitioner to have demonstrated that he was entitled to pass through this gateway exception based upon his actual innocence, he was required to establish as a factual matter that, in light of new reliable evidence, no juror acting reasonably would have found him guilty of the crimes for which he pleaded guilty and was convicted. The Court, having carefully reviewed this matter, ultimately finds that Petitioner has not made this threshold showing. In fact, from what the Court can discern, Petitioner has not asserted actual innocence, much less shown actual innocence. Instead, he appears to base most of his arguments on the alleged illegality of his sentence and the alleged legal improprieties associated with the following concepts: jurisdiction of his criminal case; the search warrant; the criminal affidavits; the criminal complaint; the criminal charges; the grand jury presentment; and the guilty plea colloquy. See (Doc. No. 1 at 2-3, 4, 7, 12-15); see also (Doc. No. 12; Doc. No. 12-1; Doc. No. 23; Doc. No. 24; Doc. No. 26).

However, "actual innocence requires a showing of factual innocence, not mere legal insufficiency." See Sweger v. Chensey, 294 F.3d 506, 523 (3d Cir. 2002) (citation omitted); Bousley v. United States, 523 U.S. 614, 623 (1998) (stating that "[i]t is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency"); Saunders v. Asure, No. 13-cv-03056, 2015 WL 3737166, at *3 n.2 (M.D. Pa. June 15, 2015) (noting that the Section 2254 petitioner's claims concerning his criminal complaint were based on legal insufficiency and not factual innocence and, thus, the actual innocence exception did not apply).

Thus, for all of these reasons, the Court concludes that Petitioner has not met his burden of proof that he is entitled to relief under the actual innocence exception. See House v. Bell, 547

U.S. 518, 538 (2006) (stating that "it bears repeating that the Schlup standard is demanding and permits review only in the extraordinary case" (citations omitted)).

## IV. CONCLUSION

For all of the foregoing reasons, the Court will grant Respondents' motion and dismiss the instant Section 2254 petition. In addition, the Court will deny, as moot, Petitioner's motion seeking discovery. (Doc. No. 14.) Finally, the Court will not issue a certificate of appealability because jurists of reason would not debate this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (stating that when a habeas corpus petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). An appropriate Order follows.